MEMORANDUM *
We affirm the district court’s denial of Martin’s second motion to controvert, in which Martin requested a hearing under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Martin has not identified any false statements or *742 omissions in the affidavit that were made with “reckless disregard for the truth.” Id. at 155-56, 98 S.Ct. 2674.
Martin claims that the affidavit falsely misrepresented that IRC channels are like websites or emails and that agents have found child pornography “on these channels.” However, the affidavit describes IRC channels in detail, referring to them as “chat rooms,” not as websites or emails, and then specifically explains how pornography is exchanged “on” such channels. In the context of the affidavit, therefore, the phrase “on these channels” was not misleading.
Similarly, Martin claims that the affidavit misrepresented that the channels accessed by “Zarman” were “known pornography channels” because IRCs cannot be “known” for anything. The affidavit, however, explains how these channels were “known” for pornography, indicating that agents had conducted investigations in which individuals had downloaded pornography from these channels. This statement was therefore also not misleading.
Martin does point to one statement in which the affidavit may have been misleading. In paragraph 31, the affidavit makes no distinction between the “Zarman” who logged into “# rOundtable” and the “Zarman” who logged into the other IRC channels later. This could be read to mean that these were the same “Zarman,” which Martin’s expert’s affidavit shows was not necessarily the case. However, Martin offers no proof anywhere that this potentially misleading statement was made recklessly. Without any such proof, this one statement did not warrant a Franks hearing.
We also affirm the district court’s denial of Martin’s first motion to suppress the search warrant for lack of probable cause. All that is required for probable cause is a “fair probability” under the “to-
tality of the circumstance,” including “fair inferences,” that evidence or fruits of a crime will be found at the place searched. United States v. Gourde, 440 F.3d 1065, 1070 (9th Cir.2006) (en banc) (quoting Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). In United States v. Kelley, 482 F.3d 1047 (9th Cir.2007), we held that, to support a finding of probable cause, an affidavit need not contain direct evidence of volitional actions to seek out actual child pornography when reasonable inferences can be made from the facts in the affidavit that the defendant possessed child pornography. In Martin’s ease, it was reasonable to infer that Martin was the individual who visited several different internet relay chat (“IRC”) channels within a short time period that were all known to Customs Service agents to be used for exchanging child pornography, and there was a “fair probability” that such an individual would possess child pornography on his home computer. Therefore, the search warrant was valid.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.